

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Cameron, Texas

Overruled by S-125

Dear Sir:

Opinion No. O-2756
Re: May the Commissioners' Court
of Milam County in its discre-
tion allow the criminal district
attorney reasonable expenses
incurred by him in operating an
automobile within or without
Milam County in connection with
the duties of his office?

Your recent request for an opinion of this Depart-
ment relative to the above stated question has been received.

We quote from your letter as follows:

"On June 15th, 1939, your office issued an opinion
numbered O-864 relative to the allowance by the Commis-
sioners' Court of Falls County of actual and necessary
expenses to the District Attorney serving that county
while engaged in the discharge of his official duties
within or without the county. This opinion, . . . held
that the Commissioners' Court of Falls County could not
legally allow the District Attorney such actual and neces-
sary expenses. The opinion is clearly a correct answer
to the inquiry submitted.

"But said opinion cannot apply to Milam County.
Milam County alone composes the 20th Judicial District.
The office of Criminal District Attorney of Milam County
exists by virtue of the terms of Article 326q. As origi-
nally enacted this statute created the office, delegated
the powers, duties (which require the Criminal District
Attorney to perform the duties of both a District Attorney
and a County Attorney), and privileges of the office.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. A. Morrison, page 2

"The enactment provided for the officer's compensation upon a fee basis. Subsequent legislation of course has repealed, if not directly then by necessary implication, the provisions of the statute with reference to compensation by fees, and now the Criminal District Attorney is compensated on a salary basis, such salary being set by the Commissioners' Court, and paid out of the officer's salary fund of said county.

"It is readily apparent on the face of the opinion that it was not intended to apply to Criminal District Attorneys, but only to District Attorneys in judicial districts comprised of more than one county. As said in the opinion, 'the statutes do not apportion the expenses of District Attorneys among the Counties in judicial districts composed of more than one county, but specifically provide that such expenses shall be paid by the State upon the sworn and itemized account of each District Judge or Attorney entitled thereto, showing such expenses.'"

"A portion of said Article 326q provides that the Criminal District Attorney shall make 'at the close of each month of the tenure of said office' the report required of all county officials by Article 3899, as amended.

"Said Article 3899 is the general statute allowing county officials 'reasonable expenses necessary in the proper and legal conduct of' their offices. Section B thereof provides that each officer named in the act, where he receives a salary as compensation for his services, 'shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, such expenses to be passed on, pre-determined and allowed in kind and amounts as nearly as possible by the Commissioners' Court once each month for the ensuing month upon the application of each officer stating the kind, probable amount of expenditures, and the necessity for the expenses of his office for such ensuing month.'

Hon. W. A. Morrison, page 3

"As correctly stated in the opinion above mentioned, 'Article 3899 provides and authorizes certain expenses only for those officers whose salaries are set, or may be set, by the Commissioners' Court.'

"There can be no question but that Section B of said Article applies to the Criminal District Attorney of Milam County since his salary is set by the Commissioners' Court.

"It seems to us that if it appeared to the Commissioners' Court that such expenses were reasonable and necessary in the proper and legal conduct of this office then they would be permitted as a matter of law to pass upon and allow the Criminal District Attorney reasonable expenses incurred by him in operating an automobile in connection with the duties of his office.

"Further, you will note in Section A of Article 3899 that an officer compensated on a fee basis is entitled to actual and necessary expenses incurred by him in the conduct of his office 'such as stationery, stamps, telephone........ traveling expenses, and other necessary expenses', which would make it appear that in the contemplation of the Legislature, traveling expenses are necessary expenses. Again, in Section B it is said 'if such expenses be incurred in connection with any particular case such report shall name such case', which phraseology might contemplate traveling expenses.

"On the basis of the above I submit for your opinion the following query:

"May the Commissioners' Court of Milam County in its discretion allow the Criminal District Attorney of said County reasonable expenses incurred by him in operating an automobile within or without Milam County in connection with the duties of his office."

Sections (a) and (b), of Article 3899, Vernon's Annotated Civil Statutes, read, in part, as follows:

Hon. W. A. Morrison, page 4

"(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses.' . ."

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. . . ."

Section 1 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; . . ."

Under the provisions of Article 3912e, Section 1, supra, the Criminal District Attorney of Milam County is a salaried officer, and it necessarily follows that Section (b) of Article 3899, supra, is applicable to your question.

Hon. W. A. Morrison, page 5

Sections (a) and (b) of Article 3899, supra, became effective on January 1, 1936, and were a part of Senate Bill No. 5, 44th Legislature, 1st and 2nd Called Sessions, Chapter 465, page 1762. It is to be noted that Section (a) of said article specifically provides that fee officers may be reimbursed for traveling expenses. It is significant that Section (b) of said article, although enacted at the same time as Section (a), does not provide that salaried officers shall be reimbursed for traveling expenses or expenses incurred by them in operating an automobile in connection with their official duties. Section (b) of Article 3899, supra, provides that said officer "shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, ...."

We are unable, under any valid rule of construction, to say that the above quoted language of Section (b) provides for the allowance of traveling expenses or the expenses incurred in operating an automobile of any county or district officer subject to the provisions of said Section (b) of Article 3899, supra. We think that our position is supported by House Bill No. 57, Acts 45th Legislature, 1st and 2nd Called Sessions, Chapter 57, page 1817, which became effective July 2, 1937. Said act was codified as Section (c) of Article 3899, Vernon's Annotated Civil Statutes, and reads as follows:

"(c) Provided that in all counties of this State having a population of not less than thirty thousand, nine hundred (30,900) and not more than thirty thousand, nine hundred and fifty (30,950) according to the last preceding Federal Census wherein there is no District Attorney and the Criminal District Attorney performing the duties of a District Attorney, such Criminal District Attorney performing the duties of a District Attorney shall be empowered and permitted to incur reasonable and necessary expenses in investigating crime and accumulating evidence in criminal cases; and shall be allowed Three (3) Cents a mile for each mile traveled by him in an automobile furnished by him in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile; such expenses shall be reported to the Commissioners Court of each county affected by this Act as other expenses are reported and shall be paid by said Commissioners Court as such other expenses are paid."

Hon. W. A. Morrison, page 6

If the criminal district attorney of any county within the above population bracket was already entitled to traveling expenses or expenses incurred by operating an automobile under Section (b) of Article 3899, there would have been no need of the legislature enacting Section (c), which specifically provides for said expenses. That the legislature was aware of this, is borne out by the language of the emergency clause of House Bill No. 57, supra, (Article 3899, Section (c)), which is as follows:

"Section 3. The fact that there is not now any provision for criminal district attorneys performing the duties of district attorneys in said counties authorizing them to incur expenses in investigating crime and accumulating evidence in criminal cases, and that there are many cases where it is necessary for such criminal district attorneys to expend monies in order to properly investigate crime and accumulate evidence in criminal cases create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read for several days be, and the same is hereby suspended, and this Act shall take effect and be in force from and after the date of its passage, and it is so enacted."

Our opinion No. O-2113 holds in effect that there is no authority for the allowance of traveling to the Criminal District Attorney of Grayson County for making a trip to Oklahoma City, Oklahoma, in investigating a criminal case to be tried in the District Court of Grayson County, Texas. In our opinion No. O-1134, it was held that the Criminal District Attorney of Falls County could not incur reasonable and necessary expenses to be paid by the county in investigating crime and accumulating evidence in criminal cases. We are enclosing copies of the two opinions last mentioned for your convenience.

Milam County has a population of 33,133 inhabitants according to the last preceding Federal Census. Therefore said county does not come within the population brackets as set out in said Section (c) of Article 3899, supra.

Section 18 of Article 3912 (e), supra, provides in effect that each Criminal District Attorney in this State serving a District comprising two or more counties, the population of which exceeds 150,000 inhabitants according to the last proceding Federal Census, shall be allowed a sum not to exceed $500. for the necessary expense of such office, said sum to be paid only upon the itemized sworn statement of such officer, showing the necessity therefor and approved by the State Auditor.

From the reasons above stated it is obvious that the legislature did not intend to allow any expense in investigating crime and accumulating evidence in criminal cases or any expenses incurred by the Criminal District Attorney in operating an automobile except under the provisions above mentioned which do not apply to Milam County. Therefore, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AMM

APPROVED OCT 3, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN